MARY E. NEWELL *vs.* WM. FILENE'S SONS COMPANY.

ROBERT M. NEWELL *vs.* SAME.

Middlesex.     April 8, 1936. — February 23, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence*, Store, Slippery substance.

Evidence merely that a prospective customer in a store slipped on a substance on a stairway which she described as "half an orange," "black," "dirty," and "gritty," showing heel marks not made by the plaintiff's shoe, did not warrant an inference that the substance had been on the stairway so long that the employees of the proprietor of the store were negligent in not having discovered and removed it.

TWO ACTIONS OF TORT. Writs in the Superior Court dated February 10, 1932.

The actions were tried together before *Donahue*, J., who ordered verdicts for the defendant. The plaintiffs alleged exceptions.

*C. S. Walkup, Jr.*, for the plaintiffs, submitted a brief.

*W. G. Reed*, for the defendant.

DONAHUE, J. There was evidence warranting the finding that the female plaintiff, a prospective customer, while going down a stairway in the defendant's store, slipped on a black substance on the stairs, fell and was injured. She testified that a man who assisted her after the fall took from the heel of her shoe "half an orange" which she described as "black," "dirty" and "gritty" and as having on it "heel marks, like a spike heel." She wore shoes with broad heels. The record contains no reference to any other testimony than that given by her which is above summarized.

Actions brought by her and by her husband, who sought consequential damages, were tried together in the Superior Court before a jury. By direction of the trial judge verdicts were returned for the defendant.

There was nothing tending to show that the piece of orange came upon the stairway by the act of an employee of the defendant, or that it had been seen there by any such employee.   Therefore a breach of the defendant's duty to keep its premises reasonably safe for use by its customers could not be established unless there was evidence warranting the conclusion that the substance in question had been on the stairs for so long a period of time that the defendant's employees ought reasonably to have learned of its presence.

It does not appear that the piece of orange had been seen by anyone prior to the fall of the female plaintiff (compare. *White* v. *Mugar*, 280 Mass. 73), or that the stairway was in view of the defendant's employees as they did their work (compare *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232), or under what circumstances the substance which caused the fall came to be upon the stairs (compare *Fournier* v. *New York, New Haven & Hartford Railroad*, 286 Mass. 7).   The plaintiffs contend, as they must in order to prevail, that merely from the appearance of the piece of orange as described in the testimony an inference could be drawn that it had been on the stairs for such a length of time that the defendant's employees ought to have seen and removed it.

The described appearance of the substance in question standing by itself does not permit a finding with any definiteness as to the length of time it had been on the stairs preceding the fall.   Its condition as described is as consistent with its having been walked on by many people in a very short period of time as with its having been on the stairway any considerable length of time.   We think the evidence did not warrant the inference that it had been on the stairs long enough to justify a finding that the defendant's employees were negligent in not discovering it was. there.   *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362. *McBreen* v. *Collins*, 284 Mass. 253.   *Renzi* v. *Boston Elevated Railway*, 293 Mass. 228.

*Exceptions overruled.*