JOSEPH UCHMAN *vs.* POLISH NATIONAL HOME, INC.

Bristol. October 28, 1953. — December 3, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence,* Slippery substance, One owning or controlling real estate.

Evidence, merely that a "banana's rotten peel" on a step of a wooden stairway leading up to a street from a corridor outside a barroom in the basement of premises controlled by the defendant was black when the plaintiff, a customer of the barroom, discovered it on his shoe after falling on the step one afternoon while leaving the premises, that the step was "wet all around" and was "dry in the middle," that the plaintiff had not seen "any banana skin . . . on the stairs" when he had entered the premises shortly before the fall, and that an employee

of the defendant had cleaned and mopped the stairs in the early morning of the day of the accident, did not warrant an inference that the banana peel had been on the step so long before the accident that the defendant was negligent in not having discovered and removed it.

TORT. Writ in the Superior Court dated May 27, 1949. The action was tried before *Nagle*, J.

In this court the case was submitted on briefs.

*Gerald P. Walsh*, for the defendant.

*William A. Torphy*, for the plaintiff.

SPALDING, J. At 4:30 P.M. on April 24, 1948, the plaintiff, a business invitee, entered a barroom on premises controlled by the defendant. The barroom was in the basement and was reached by stairs leading from "the street or ground floor level." To enter the room it was necessary to pass through a doorway leading from the street to a platform, then to descend four or five steps to another platform where the stairs turned, and to go down "three or four" steps leading to the basement floor. The stairway, which was of wooden construction and in good condition, was three or four feet wide. The bar was reached by proceeding along a corridor from the foot of the stairway to a doorway in a partition which separated the barroom from the rest of the premises. The plaintiff purchased a glass of beer at the bar and in less than twenty minutes "started home." Leaving by the stairs described above, by which he had entered shortly before, the plaintiff had ascended two steps and was placing his left foot on the third when his "leg went under him" and he fell. He looked at his foot and saw a "banana's rotten peel" which he took off his shoe and threw on the floor. He looked at the step where he fell and saw "something wet around and the circle was dry"; it was "wet all around" and was "dry in the middle." The color of the banana peel was black. When the plaintiff entered the premises he did not see "any banana skin . . . on the stairs." There was no evidence that the defendant sold anything other than beer on its premises. There was evidence that an employee of the defendant cleaned and mopped the stairs at 6:15 A.M. on the day of the accident.

The evidence summarized above is the strongest case for the plaintiff on any view of the evidence. The case was submitted to a jury which returned a verdict for the plaintiff. The defendant's exceptions to the denial of its motions for a directed verdict and for the entry of a verdict in its favor under leave reserved bring the case here.

We are of opinion that the case ought not to have gone to the jury. There was nothing to show that the banana peel was placed on the stairway by anyone for whose conduct the defendant was responsible. See *Ventromile* v. *Malden Electric Co.* 317 Mass. 132, 135. Nor does it appear that it was seen by or was in plain view of any employee of the defendant. See *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234. To recover the plaintiff was obliged to show that the peel had been on the stairway so long that in the exercise of reasonable care the defendant should have discovered and removed it. *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, 490. Since there was no direct evidence as to when and how it got there, the question narrows down to whether the evidence would support an inference that it had been there a sufficient period of time to justify a finding of negligence on the defendant's part. In our opinion the evidence would not warrant such an inference. The fact, without more, that the banana peel was black does not go far enough. It might have been dropped by one of the defendant's patrons who had passed over the stairs a short time before, or it might have attached itself to the foot of someone who had just come in off the street. The fact that the step was described as "wet all around" and "dry in the middle" adds little, if anything. In short, how the peel got on the stairs and how long it had remained there are matters of speculation. The evidence here falls short of that in *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273, and *Scaccia* v. *Boston Elevated Railway*, 317 Mass. 245, and the other cases relied on by the plaintiff, which was held sufficient to warrant a finding of negligence.

The present case, we think, belongs to the class illustrated by *Renzi* v. *Boston Elevated Railway*, 293 Mass. 228, *Tariff*

v. *S. S. Kresge Co.* 299 Mass. 129, *Smail* v. *Jordan Marsh Co.* 309 Mass. 386, *Wyman* v. *McLellan Stores Co.* 315 Mass. 117, *Leary* v. *Jordan Marsh Co.* 322 Mass. 309, and *Foley* v. *Hotel Touraine Co.* 326 Mass. 742.

*Exceptions sustained.*
*Judgment for the defendant.*