JENNIE HASTINGS *vs.* BOSTON AND MAINE RAILROAD
(and a companion case[1]).

Worcester. September 28, 1954. — December 16, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Negligence*, Stairway; Slippery substance; Railroad: station. *Evidence*,
Relevancy and materiality.

Evidence that a greasy substance several inches in diameter on a stair-
way at a railroad station was covered with dirt or dust so thick that
the grease under it could not be seen, and that the stairway was dirty
with papers, rubbish and debris warranted a finding that the greasy
substance had been there so long before a passenger descending the
stairway slipped on it and fell that the railroad was negligent toward
him in not having discovered and removed it.
At the trial of an action against a railroad for personal injuries sustained
by a passenger at a station in slipping and falling on a greasy substance
on a stairway, evidence as to the appearance of the substance not more
than half an hour after the accident was admissible in the absence of
anything to show any intervening change in the condition of the
stairway.

TWO ACTIONS OF TORT. Writs in the Superior Court dated
July 30, 1946.

The actions were tried before *Nagle, J.*

*Stanley G. Barker*, for the defendant.

*Thomas S. Carey*, for the plaintiffs.

LUMMUS, J. In these cases the plaintiff Jennie Hastings
was given a verdict for $22,000, and the plaintiff William A.
Hastings was given a verdict for $2,000. The evidence was
substantially as follows. At half past ten o'clock in the
morning of July 31, 1945, Jennie Hastings arrived by the
defendant railroad at its station in Lynn. A flight of stairs,
in the control of the defendant, led from the platform where
the tracks were to the street below. While descending the
stairs, holding the railing with her right hand, she slipped

---

[1] The companion case is one brought against the same defendant by the
husband of Jennie Hastings for consequential damages.

and fell because of a greasy substance four or five inches in diameter on one of the steps. The greasy substance was covered with dirt or dust except where her shoe slipped through it, and there it was lighter. The dust was so thick that the grease under it could not be seen. The steps were dirty with rubbish and debris and cigarette packages and papers from candy bars.

The defendant in each case filed a motion for a directed verdict in its favor, and excepted to its denial. It is true that the evidence did not warrant a finding that the grease came to be on the step by any act of the defendant or its servants. But in our opinion the condition of the grease as shown by the evidence warranted a finding that it had remained on the step long enough for the defendant, if it had used reasonable care, to discover and remove it. The following cases tend to show that the cases were properly submitted to the jury. *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273. *Tack* v. *Ruffo*, 263 Mass. 487. *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469. *Manell* v. *Checker Taxi Co.* 284 Mass. 151. *Bavosi* v. *Interstate Theatres Corp.* 307 Mass. 124. *Berube* v. *Economy Grocery Stores Corp.* 315 Mass. 89. *Scaccia* v. *Boston Elevated Railway*, 317 Mass. 245, 252.

The defendant's requests for instructions present no question not already discussed.

The defendant excepted to the admission of the evidence of a witness as to the appearance of the grease on the step a few minutes after the accident. Counsel for the defendant asserted that the time was "maybe half an hour" afterwards, though the evidence indicates that the time was probably shorter. There is nothing in the record to show any intervening change in the condition of the step. It could readily be inferred that no change had taken place. *Beacon Trust Co.* v. *Wright*, 288 Mass. 1, 5. *Conroy* v. *Fall River Herald News Publishing Co.* 306 Mass. 488, 493. *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373, 377. *Allan* v. *Essanee, Inc.* 309 Mass. 1, 6.

*Exceptions overruled.*