WILLIAM KANTER *vs.* MASSACHUSETTS WHOLESALE FOOD TERMINAL, INC.

Suffolk.     January 5, 1960. — February 4, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence,* One owning or controlling real estate, Slippery substance, Store.

A conclusion that the proprietor of a wholesale food market building was negligent toward a business invitee of his was not supported by the mere fact that at an early hour in the morning the invitee slipped and fell on suet "still fresh . . . light colored, although it had been trampled on," at a place in the control of the proprietor.

TORT.     Writ in the Superior Court dated September 27, 1955.

The action was heard by *Dewing,* J., upon an auditor's report.

*Arthur J. O'Keefe,* for the plaintiff.

*Sturtevant Burr,* (*William C. Gardiner* with him,) for the defendant.

COUNIHAN, J.     This is an action of tort for negligence in which the plaintiff seeks to recover damages for personal injuries sustained by him as the result of a fall because of the presence of a foreign substance on the floor of a ramp in the building numbered 130 Newmarket Square, Roxbury, alleged to be owned and in the control of the defendant.     The accident occurred on May 31, 1955, at or about 4:30 A.M. when, the plaintiff alleged, he was on the premises as a business invitee of a tenant of the defendant.

The action was referred to an auditor who, after hearing, filed a report in favor of the plaintiff.     Thereafter the parties stipulated that the case be heard by a judge of the

Superior Court, without a jury, and that the auditor's find-
ings of fact be final. The report in effect became a case
stated. The judge found for the defendant. This was in
effect an order for judgment. The action comes here upon
an appeal of the plaintiff. G. L. c. 231, § 96. There was
no error.

The findings of the auditor show that the plaintiff went
to this building on the day of the accident to buy meat from
the C & R Beef Co., presumably a tenant of the defend-
ant in the Arcade on the first floor. The employees of C & R
were too busy to wait on the plaintiff so he decided to get
a cup of coffee. The Arcade was in the center of the length
of the building with an entrance from a cement pedestrian
ramp running along the outside of the building. The plain-
tiff left the place of business of C & R and walked along the
ramp over which there was a cement canopy in which there
was an electric light fixture at the entrance to the Arcade.
As the plaintiff walked along the ramp he noticed the light
in the fixture go out. After proceeding a couple of feet his
right foot slipped and he fell through a window into the
Arcade. He had fallen on some suet at the place where he
slipped. "This suet was still fresh, that is, light colored,
although it had been trampled on. The ramp always had
fresh fallen suet on it, and the plaintiff was familiar with
this situation." The defendant employed a janitor to take
care of and inspect the premises. The floor at the scene of
the accident was not swept and cleaned the day of the acci-
dent until after the accident occurred.

In these circumstances we assume, without deciding, that
the plaintiff was a business invitee of the defendant, that
he was not guilty of contributory negligence, and that the
premises where the accident occurred were in the control
of the defendant.

We think, however, that the facts are insufficient to war-
rant a conclusion that the defendant was negligent. There
was no finding from which it could be concluded that the
suet was on the ramp by reason of any act of any person for
whose conduct the defendant was responsible. Cf. *Jennings*

v. *First Natl. Stores, Inc.* 295 Mass. 117, 118. There is likewise no finding that the defendant or its employees knew of or should have known of the presence of the suet on the ramp. Cf. *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234; *Correira* v. *Atlantic Amusement Co. Inc.* 302 Mass. 81.

The defendant owes to business invitees a duty to use due care to keep his premises reasonably safe for their use; however, he is not an insurer of their safety. Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to be informed of this condition and to take measures to remedy it. In the case at bar the auditor found the suet to be fresh and there was no finding from which it could be inferred that the suet had been on the ramp for such length of time that the defendant's employees were negligent in not having discovered its presence.

This was all a matter of speculation. We think that this case is governed by cases like *Newell* v. *Wm. Filene's Sons Co.* 296 Mass. 489, *Foley* v. *Hotel Touraine Co.* 326 Mass. 742, 743, and *Uchman* v. *Polish Natl. Home, Inc.* 330 Mass. 563, 565.

*Order for judgment for*
*defendant affirmed.*