*Municipal Court of the City of Boston*

No. 15784

**VIOLA TURNER**

v.

**J. J. NEWBERRY CO.**

(May 6 — May 27, 1960)

*Present:* Adlow, C. J., Shamon & Glynn, JJ.

Case tried to *Riley, J.*

*Adlow, C. J.* Action of tort for injuries incurred by the plaintiff while in a store operated by the defendant.

*At the trial there was evidence that* the plaintiff entered the defendant's store at 180 Massachusetts Avenue, Boston, went to the

lunch counter and had coffee. Thereafter she went to the telephone booth located in the rear of the store and finding she had no change, went to the front of the store to obtain the change. She then returned to the telephone booth, made three telephone calls, and then returned to the front of the store to get more change. She testified that on the occasion of her first trip to get change she saw a spot on the floor; that it was "yellowish brown, about the size of a half dollar, and greasy looking." Later, after making her telephone call, and while walking back to the counter for change, she again saw the spot, and while passing another woman and to avoid bumping her, she stepped on the spot and was injured. She testified that she was assisted to her feet by employees of the defendant, and while being so helped, she saw skid marks of about two feet in length and that a yellowish oily substance appeared on her dress. Thereafter she was treated by a physician for her injuries.

At the close of the evidence the plaintiff requested the court to rule:

(1) That on the evidence the finding must be in favor of the plaintiff.

(2) That on the evidence produced the defendant failed to use care to keep the premises in a reasonably safe condition for use of its patrons.

(3) That the plaintiff on the facts was not guilty of contributory negligence.

The court denied all the requests. We find no error in these rulings.

The first request amounts to nothing

less than an assertion that as a matter of law a finding for the plaintiff is required by the evidence. Rule 30 of the Rules of this court provides that:

> "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which the request is based unless such grounds are specified in the request, and then only upon the grounds so specified."

In view of the complete absence of specification the court was within its rights in refusing to rule as requested. It may be noted in passing that while it appears that all the evidence in the report came from the plaintiff and was uncontradicted, the court was not compelled to believe her. *McDonough v. Met. L. Ins. Co.,* 228 Mass. 450, 453.

█ As for Requests 2 and 3, both are requests for findings of fact which the court was under no obligation to make.

█ Such rulings are not the subject matter for review by this court.

*Report dismissed.*

*Frank Wittenberg* of Boston for the plaintiff; As to storekeeper's liability cited: *Young v. Food Fair,* 337 Mass. 323; *Gallagher v. Stop & Shop,* 332 Mass. 50; *Jennings v. First Nat. Stores,* 295 Mass. 117.

*Ernest W. Piper* of Boston, for the defendant; As to a storekeeper's liability cited: *Lookner v. NY, NH & H RR.,* 333 Mass. 555, 556; *White v. Mugar,* 280 Mass. 73, 75; *Howlett v. Dorchester Tr. Co.,* 256 Mass. 544, 546. As to foreign substances on

floors: *Kanter v. Mass. W. Food Terminal, Inc.;* 340 Mass. 339; *Chastain v. Hinckley Rendering Co.,* 336 Mass. 603; *Uchman v. Polish Nat. Home Inc.,* 330 Mass. 563, 565; *Foley v. Hotel Touraine Co.,* 326 Mass. 742, 743; *Anjou v. Boston El. Ry.,* 208 Mass. 273. As to plaintiff's contributory negligence: *O'Neill v. W. T. Grant Co.,* 335 Mass. 234; *Leteicg v. Denholm & McKay Co.,* 328 Mass. 120. As to the trial judge's proper denial of requests for rulings of law which are in essence requests for findings of fact: *Castano v. Leone,* 278 Mass. 429; *Kravetz v. Lipofsky,* 294 Mass. 81; *Davis v. Boston Elevated Railway,* 235 Mass. 482, 494; *American Malting Co. v. Souther Brewing Co.,* 194 Mass. 89, 94.