ROSE CARO vs. F. W. WOOLWORTH COMPANY.

Middlesex.     December 6, 1960. — March 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Negligence,* Store, Slippery substance.

Evidence that a customer of a store fell while leaving it through its vestibule when she slipped on "something very sticky," described by an eyewitness in part as "irregular in color," "caked around the . . . edges" and as looking "like some sort of a cream, a cosmetic cream that had fallen and dried up there," and that the vestibule "looked as if it were dusty and dirty," did not warrant a finding of negligence on the part of the proprietor of the store.

TORT. Writ in the Superior Court dated April 27, 1955. The action was tried before *Nagle,* J.

*Robert D. Callahan,* for the defendant.

*S. Roy Remar,* for the plaintiff.

Caro v. F. W. Woolworth Co.

WILLIAMS, J.   The plaintiff seeks to recover for personal injuries received on November 6, 1954, by falling in the vestibule of the defendant's store in Somerville.   There was evidence that she had made a purchase and was leaving the store between 11 and 11:30 A.M.   She passed through two swinging doors, the upper parts of which were of glass, and took one or two steps forward in the vestibule when she felt herself slip on "something very sticky."   She stepped down on the sidewalk, "couldn't balance herself and fell."   The only person, other than the plaintiff, to describe the circumstances of the fall was her daughter. The daughter, who was accompanying her mother, testified that she "looked down to see what happened and noticed that there was a sort of dark grayish colored object, almost black substance, on the vestibule platform; . . . it seemed to be lighter in color where her foot had slipped on it; . . . [it] was irregular in color, looked sort of caked but yet it looked more creamy, almost white, where . . . [her] foot slipped; . . . it was caked around the outer edges and seemed about a half or a quarter of an inch thick . . . it looked like some sort of a cream, a cosmetic cream that had fallen and dried up there; . . . the rest of the vestibule looked as if it were dusty and dirty."   There was a counter in the front of the store three or four feet from the doorway at which she (the witness) believed there was a saleswoman.   A motion by the defendant for a directed verdict was denied subject to its exception and the jury returned a verdict for the plaintiff.

The motion should have been allowed.   It could not reasonably be inferred that the described foreign substance had been deposited in the vestibule by the defendant or that it was in a place where it was observable by the employees of the store in the performance of their usual duties.   The plaintiff's case on the question of the defendant's negligence depends on whether it could be found from the description given by the daughter that the substance had been on the floor of the vestibule such length of time that the defendant should have known of it and caused it to

be removed.  From this description, it could not be determined with any degree of accuracy what the substance was or that it was of such nature that the irregularity of color and the caking around the edges indicated that it had been on the floor more than a short time.  The fact that it was sticky and the vestibule around it appeared to be dusty and dirty added nothing of material value to the balance of the description.  Whether the defendant was negligent was conjectural.  The case is in the class of those illustrated by *DiAngelo* v. *United Mkts. Inc.* 319 Mass. 143, 148-149, and cases cited, and *Foley* v. *Hotel Touraine Co.* 326 Mass. 742, 744.

*Exceptions sustained.*
*Judgment for the defendant.*