FRANCES DEVERY *vs.* STOP & SHOP, INC. March 31, 1961. Exceptions overruled. There was evidence that the plaintiff while a customer in the defendant's store in Haverhill on March 27, 1958, fell and was injured. "Something slid from under her feet and she pitched head first." She noticed "there were ordinary grocery bags" piled six to eight inches high on the "check-out counter" toward which she was walking. After she fell she saw three or four paper bags on the floor. They were dirty and had footprints on them. One was about six inches from the place where she stepped. The others were farther back. The plaintiff excepted to the allowance of the defendant's motion for a directed verdict. There was no error. If it could be found that the plaintiff slipped on the paper bag, the evidence did not warrant a finding that the bag had been on the floor for so long a time that the employees of the defendant should have known of it. *Maguire* v. *William Filene's Sons Co., ante,* 776, decided this day.

*Jason S. Cohen,* for the plaintiff, submitted a brief.
*John T. Ronan,* for the defendant.

RODERICK MACDONALD'S CASE. April 3, 1961. Decree affirmed. The self insurer appeals from a decree awarding compensation for disability which the single member and the reviewing board found was due to the acceleration of a preexisting heart disease produced by the physical exertion of the employee while performing duties arising out of and in the course of his employment as a freight car loader. It is settled that the acceleration of a preexisting heart disease to the point of disablement may be found to have been a personal injury under the workmen's compensation act. *Griffin's Case,* 315 Mass. 71, 74. Whether the employee's disability was caused by a gradual deterioration of his heart or was accelerated by exertion or strain was a question of fact for the board to decide. *Brzozowski's Case,* 328 Mass. 113, 116. There was evidence, which need not be recounted, to support the finding of the board. A finding supported by evidence will be upheld unless vitiated by error of law, *Brown's Case,* 334 Mass. 343, 346, and no such error appears. Costs under G. L. c. 152, § 11A, shall be allowed by the single justice.

*Austin M. Pinkham,* for the self insurer.
*Laurence S. Locke,* (*Samuel B. Horovitz* with him,) for the employee.