*Municipal Court of the City of Boston*

No. 437617

**MARIE RUFFO**

v.

**THE GREAT ATLANTIC & PACIFIC TEA CO.**

(June 16 — October 9, 1961)

*Present:* Adlow, C. J., Riley & Glynn, JJ.

Case tried to *Roberts, J.*

*Riley, J.* This is an action of tort in which the plaintiff seeks to recover damages for bodily injuries sustained as a result of a fall received in the defendant's store, due to having slipped on a foreign substance on the floor, caused or allowed to be there due to the defendant's negligence. The defendant's answer consists of a general denial, and an averment of contributory negligence.

The trial judge found generally for the plaintiff, and the defendant claims to be aggrieved by the denial of two of its requests for rulings of law.

*At the trial there was evidence warranting the finding that* the plaintiff while shopping at the defendant's retail store in the Brighton District of Boston, on May 23, 1956, to procure a bottle of vinegar, had taken such a bottle from a shelf and started walking in the direction of the check-out stands at the front of the store. While so doing she passed along an aisle adjacent to the vegetable stand, where she slipped feet-first and fell landing on her back and side, and the bottle of vinegar which she was holding broke, causing cuts on her hand and face. She was treated at a hospital nearby and by her family doctor.

The vegetable counter extended along the side of the store and consisted of a series of elevated bins where vegetables and fruit were displayed for sale. The aisle upon which she received her fall was for customers' use and

passed directly in front of the lower bins, and the vegetables manager or one of the defendant's employees stood in that aisle directly in front of the display. The duties of such man were to weigh, package and price articles purchased by customers and generally to service and maintain the area.

While lying on the floor the plaintiff observed that it was wet, dirty and greasy, and that there were wet and dirty lettuce leaves and pieces of old vegetable strewn on the floor.

The employees of the store were in the habit of wetting down the vegetables on the counters, and customers were permitted to choose and take the merchandise thereon. After receiving her injuries she was assisted by employees and received treatment at a first-aid room, especially to her hand which was bleeding profusely. Thereafter, upon being called, her daughter who was coming in search of her mother, left the store with her mother, and while so leaving they passed the exact spot where the plaintiff had received her injury, and the plaintiff noticed that the condition of the floor had not changed from its appearance immediately after she received her fall. Her daughter corroborated plaintiff's description of the floor at the time they were leaving the store. On the day of these events, it was raining outdoors and people had tracked water in on some parts of the store's floor.

An employee of the defendant testified that

on occasion customers dropped lettuce leaves and pieces of vegetables on the floor in the vicinity of the vegetable counter; that it was customary for the employees to clean the floor in that area 20 or 25 times a day; and that an employee of the defendant customarily stood by the counter that entire day, working around the bins.

The requests for rulings made by the defendant read as follows:

(1) There is no evidence to warrant a finding that the condition of the defendant's store which caused the plaintiff to fall was brought about by negligence of the defendant.

(2) There is no evidence to warrant a finding that the condition of the floor of the defendant's store which caused the plaintiff to fall had existed for a sufficient length of time that the defendant in the exercise of ordinary care should have discovered and remedied it.

Both of these requests were denied by the trial judge, and he found generally for the plaintiff, as heretofore mentioned.

The duty owed the plaintiff by the defendant is not in issue; only the sufficiency of the evidence to warrant the finding made.

There is nothing in the evidence to indicate how the wet lettuce leaves, upon which the plaintiff slipped and fell, came to be upon the floor and by whose act. It appears in evidence that both customers and employees had access to the merchandise on the vegetable stand and bins. Regardless of who had put it

there the defendant was charged with the duty to remove the substance or remedy the condition upon discovery, or upon the lapse of such time as it should have been discovered.

Assuming that it could warrantedly be inferred that an employee of the defendant, or someone for whose actions the defendant was responsible had caused the condition, we pause to consider the evidence pertinent to the defendant's second request: the length of time that the condition existed without being remedied, to determine if such time was sufficient to charge the defendant with knowledge thereof.

There is no direct evidence as to the length of time the substance had been where it was when the plaintiff fell. No one, not even the plaintiff, testified as to having seen the wet lettuce leaves on the floor before she fell. *Norton v. Hudner*, 213 Mass. 257. There is nothing indicating the age or the freshness of the substance other than that of "the floor was wet, dirty and greasy and that there were wet and dirty lettuce leaves and pieces of old vegetables strewn "on the floor" together with "That the employees of the store were in the habit of wetting down the vegetables on the counters . . ."

The evidence of this practice of "wetting down the merchandise" appears to confuse rather than to clarify the query, "How long was the substance on the floor before the plaintiff fell?" cf. *White v. Mugar*, 280 Mass.

73 (Condition observed about one hour before plaintiff fell.)

The evidence both as to the custom of cleaning the floor and of the attending employees at the vegetable stand warranted the finding that the defendant had notice of the condition, but the question of how long the condition existed is still not established by evidence.

The described appearance of the substance standing by itself does not permit of a finding with any degree of definiteness as to the length of time it had been on the floor before the plaintiff received her fall. Its condition as described is as consistent with its having been walked on by many people in a short period of time, as with its having been on the floor any considerable length of time. *Newell v. Filene's* 296 Mass. 489; *Kelleher v. Dini's, Inc.,* 331 Mass. 217; *Caro v. Woolworth,* 342 Mass. 155.

The fact that the plaintiff and her daughter saw the condition of the area later on that day, is of no value in determining how long the condition had existed prior to her receiving her fall and injuries.

We are of opinion that the evidence did not warrant the inference that it had been on the floor long enough to justify a finding that it had existed a sufficient time to permit of its being remedied. *Norton v. Hudner,* 213 Mass. 257; *Newell v. Filene's,* 296 Mass. 489; *Foley v. Hotel Touraine Co.,* 326 Mass. 742; *Allen v. Zallen Co.,* 1960 A.S. 451.

*Finding of the trial judge set aside. Judgment to be entered for defendant.*

Samuel B. Mannos of Boston, for the Plaintiff.
Charles W. O'Brien of Boston, for the Defendant, cited: *Foley v. Hotel Touraine Corp.*, 326 Mass. 742; *Sellew v. Tuttle's Millinery, Inc.*, 319 Mass. 368.