IDA R. FINE *vs.* F. W. WOOLWORTH CO.

Suffolk.    November 10, 1961. — December 12, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Store.

Evidence of the appearance of a plastic bag on the floor of a store and of the appearance of the floor in the area where the bag was did not warrant a finding that the bag had been there so long before a customer caught her foot in it and was caused to fall that the proprietor of the store was negligent toward her in not having discovered and removed it.

TORT.    Writ in the Municipal Court of the City of Boston dated November 21, 1958.

Upon removal to the Superior Court the action was tried before *Vallely,* J.

The case was argued in November, 1961, before *Wilkins,* C.J., *Williams, Whittemore, Cutter, & Spiegel,* JJ., and afterwards was submitted on briefs to all the Justices.

*Sturtevant Burr,* for the defendant.

*Harry Corin,* for the plaintiff, submitted a brief.

WILLIAMS, J.    This is an action of tort to recover for personal injuries received from a fall in the defendant's store on Broadway, Chelsea.    There was testimony by the plaintiff that she entered the store about 4 P.M. on March 18, 1958, to make some purchases.    In going around a counter to reach the aisle which was her intended objective "her foot caught in a plastic bag and she began to fall but as she fell toward the counter her hand hit a tall book rack, a flimsy wire thing with a stack full of books, and it fell over on her, and when the book rack hit her she really went down. . . . [S]he didn't see the plastic bag before she tripped but that afterwards it was practically entangled in her left foot, at which time she observed the plastic bag to be 'dirty, semiopaque and ground' and you could not see

through it. The plastic bag looked rather grimy and ground in. . . . [W]hen she walked into the store the area looked a little cluttered and messy. The area looked as if there were a lot of things on the floor. There was a dirty newspaper on the floor and what looked like a crumpled paper bag.'' There was no other evidence material to the issue of liability. The judge denied the defendant's motion for a directed verdict subject to its exceptions and the jury returned a verdict for the plaintiff.

We think that the evidence did not warrant a finding that the plastic bag which appears to have caused the plaintiff's fall had been on the floor for so long that the defendant should have known of its presence and was negligent in not removing it. The fall of the bookcase was caused by the plaintiff's involuntary act and affords no independent basis for a finding of negligence. The case is to be classified with *Caro* v. *F. W. Woolworth Co.* 342 Mass. 155, *Maguire* v. *William Filene's Sons Co.* 342 Mass. 776, and *Devery* v. *Stop & Shop, Inc.* 342 Mass. 777.

In the opinion of a majority of the court the exceptions of the defendant should be sustained and judgment entered for the defendant.

*So ordered.*