*Northern District*

No. 6574

**ROBERT COULTER, p.p.a., et al**

v.

**FIRST NATIONAL STORES, INC.**

Argued: Oct. 25, 1967 Decided: Dec. 11, 1967

*Present:* Brooks, P. J., Connolly, Yesley, J. J.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex. #4054 of 1966.

*Brooks, P. J. This is a tort action* in which plaintiffs claim damages resulting from minor plaintiff drinking liquid floor wax from a can, as a result of which he became ill.

The declaration consists of four counts: Count 1 for personal injuries to minor plaintiff caused by defendant's negligence; Count 2 by plaintiff's mother for consequential damages; Count 3 by minor plaintiff for personal injuries caused by a nuisance; Count 4 for consequential damages caused by a nuisance.

Defendant answered general denial, contributory negligence and assumption of risk.

*At the trial* on April 27, 1967 *there was evidence as follows:*

On August 14, 1965 at about 2:30 P.M. Robert Coulter, then a year and a half old, entered defendant's supermarket with his mother and his grandmother. Some time after entering the store for the purpose of shopping, both women heard Robert coughing. They went to the rear of the store and saw him coughing, gagging, and red-faced, holding an open can of liquid floor wax. The grandmother took the can from Robert and put it on a nearby shelf about two feet off the floor, on which were cans of floor wax of the same brand and type.

Robert was driven to the hospital where he received treatment, then the grandmother and the father returned to defendant's store about a half hour after they had left. The grandmother went to the shelf upon which were the floor wax cans. There she picked up a can which was described as "open with a dark gray stain all around the side, on the top and

also some stains that went all the way down to the bottom". There was also a circular stain on the "floor of the shelf".

The can in Robert's hand was a metal cylinder about ten inches tall, three inches in diameter, with a plastic cap connected permanently to the can at its neck, and also at the lip of the can when closed. The above description also applies to the can that the father and grandmother found on the shelf. The cans of that brand have a warning on them as follows: "Danger Keep Out of Reach of Children Harmful or Fatal if Swallowed".

At the conclusion of the evidence defendant filed the following Requests for Rulings:

1. The evidence does not warrant a finding that the defendant, its agents or servants, was negligent.

2. The evidence does not warrant a finding other than that the negligence of the plaintiffs, contributed in whole or in part to cause the alleged injuries and damage.

3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.

4. As a matter of law the defendant breached no legal duty owed by it to the plaintiffs.

5. The evidence does not warrant a find-

ing other than that the defendant maintained its premises and stocked its shelves in a manner that was usual, proper and necessary in order to carry on its business.

6. As a matter of law the defendant did not allow a public nuisance to exist on its premises.

The trial judge granted ruling #6 and denied the remaining requests. He found for plaintiff on counts 1 and 2, and for defendant on Counts 3 and 4.

The defendant claims to be aggrieved by the findings and the denial of requests ##1, 2, 5.

 The law requires a storekeeper to use reasonable care to keep his premises in a reasonably safe condition for the use of business invitees. *White* v. *Mugar,* 280 Mass. 73. *Coates* v. *First National Stores,* 322 Mass. 563, 565. The issue here is whether he has done so with respect to plaintiffs in this case.

 "The responsibility of the store proprietor is to strike a reasonable balance which weighs consideration for the prevention of foreseeable danger against the necessity for displaying his goods in a manner suitable for the operation of his shop." *Adriance* v. *Henry Duncan Corp.,* 291 Mass. 202, 204.

The court, in *Letieque* v. *Denholm,* 328 Mass. 120, held that be reason of the nature of the business a footstool left in the aisle of a shoe

store where plaintiff tripped over it was not evidence of negligence. The court cited cases where a similar result had been reached. Cases were also cited where the opposite conclusion was arrived at. See also *Skenian* v. *Raymond's, Inc.*, 349 Mass. 772, 773.

Because of Robert's extreme youth, we do not have to consider contributory negligence on his part, nor does the doctrine of imputed negligence of the parents concern us, except to express our astonishment that any parent should have allowed an eighteen months old infant to roam unattended in a supermarket. G.L. c. 231, § 85D. However the age of the minor plaintiff, eighteen months, does concern us in another aspect. A metal can of liquid wax represented as being a duplicate of the can found in the child's hand was introduced at the trial and inspected by this Division during the argument. To open the can called for the exercise of muscular effort well beyond the capabilities of an infant of that age. For that reason we hold that there is a far greater likelihood of its already having been open when the child took it from the shelf.

Under these circumstances the issue would be the length of time the can had remained on the shelf in an opened condition. To render defendant liable this period would have to be long enough to enable defendant to discover the situation. *Deagle* v. *Great Atlantic & Pacific Tea Co.*, 243 Mass. 263. As to

this, there is almost no evidence. There was evidence that the outside of the can was streaked with wax, also that where the can stood on the shelf there was a circle of wax, all of which could well have occurred subsequently to the child having got hold of the can.

On the supposition that the can was already open and that the issue is as to the length of time it was allowed to remain on the shelf, the case is analogous to a long list of Fall Down cases in which it was held that the evidence of color and consistency of the substance which caused plaintiff to fall was insufficient to justify a finding that the substance had been on the premises for a sufficient length of time to justify a finding of negligence on the part of the storekeeper. *Fine* v. *Woolworth Co.*, 343 Mass. 328, 329. *Devery* v. *Stop & Shop, Inc.*, 342 Mass. 777. *McGuire* v. *William Filene & Sons Co.*, 342 Mass. 776. *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362. *Caro* v. *Woolworth Co.*, 326 Mass. 742, 746. *Chevalier* v. *First National Stores, Inc.*, 18 Legalite 127. The subject of "Fall Out Cases" has been carefully and exhaustively studied in the March and September numbers of the Massachusetts Law Quarterly for 1962.

The argument that replacing the open can on the shelf by an employee after the accident and its remaining there for a half hour discloses a habit of negligence, does not seem to

us tenable. Nor are we impressed by the argument that the warning on the can required defendant to place it out of plaintiff's reach. This warning is usually to the consumer from the manufacturer, and does not so much involve the merchant.

Every department or grocery store has on its shelves, often within the reach of small children, products which if taken internally would cause injury. They are usually in containers such as glass bottles, or metal or plastic vessels, perfectly safe to handle so long as the cover or stopper is tight. Many perfumes and toilet articles such as abound in a department store could cause internal damage. Ammonia, for example, would be extremely dangerous. These articles are not like a product which can injure a person on contact, such as sharp tools or electric appliances capable of causing shock. To require storekeepers to segregate properly bottled or capped fluids so as to put them out of reach of children would place an unreasonable burden on the seller.

There is another angle to this problem. It would not be fair to the storekeeper to hold him responsible for an accident which in the ordinary course of events could not be anticipated. It is not likely that an eighteen months old child would open a metal container or a bottle of perfume and swallow the contents. This is not to say that a vessel with a danger-

ous content insecurely bottled or canned should be placed on a readily accessible shelf. That, however, was not the situation here. It is not known just how the cover to the wax can become dislodged. Assuming that it was intact when the infant took it from the shelf and that some way he managed to get it off, — this did not present a situation which defendant should have anticipated. We think it more likely that the can was open when the infant came by. If so, as previously stated, the trial jury has to have evidence as to how long the condition existed.

The case is not like one where the trial court hears witnesses who give different accounts of the same incident and the court has to decide which story is the more credible. In our case there is no issue of credibility. The whole case is before this court just as it was before the trial court. While this is not a case stated, it presents a similar situation and should be treated in the same way. There are, as we have said, two possibilities, — one, that plaintiff opened the can; two, that someone else opened the can. First, we do not believe that the infant opened the can but that if he did, we hold as a matter of law that this could not have been reasonably anticipated. Second, if someone else opened the can, we hold that is insufficient evidence upon which to base a finding that it was opened long enough to have been discovered by defendant's employees.

This involves too much speculation. *Moynihan* v. *Boston & Maine R.R.*, 227 Mass. 180, 182. *Pearson* v. *Director General of R.R.*, 245 Mass. 158-162. *Moore Admtrx.* v. *Amesbury*, 268 Mass. 462-466. *Williams* v. *United Men's Shop, Inc.*, 317 Mass. 319, 321. *Felch* v. *D'Amico*, 326 Mass. 196, 198.

We rule that there was error in the denial of defendant's requests # 1, 3, 4, 5.

**Finding for plaintiff to be vacated and finding entered for defendant.**

IRWIN J. SPIEL,
 for the Plaintiff.
WILLIAM C. GARDINER,
 for the Defendant.