*Municipal Court of the
City of Boston*

No. T-15833

## ANNA KOROBOW

v.

## MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

Argued: June 21, 1968—Decided: July 1, 1968

*Present:*    *Adlow, C.J., Lewiton, Shamon, JJ.*

Case tried to *Glynn, J.*

*Adlow, C.J.,*   Action of tort for personal injuries suffered by the plaintiff on April 12, 1966 while she was descending a stairway at Kendall Square Station in Cambridge.

*There was evidence that* while the plaintiff was on her way home from work and was descending the steps at Kendall Square Station, while holding onto the railing with her right hand, did, when she reached the third or fourth step, slip on her right foot. She stated that as she started to fall, she reached for the left-

hand railing with her left hand and looked and "that at that time she saw some grease on the step that was dusty and she fell or rolled down six or seven steps and came to a stop at the middle landing where she remained in a dazed or semi-conscious condition. She did not get up by herself but was helped onto a stretcher by the police. She hurt her right foot, right leg, right side, and the right side of her head.

A starter for the defendant testified that it was not the rush hour at the time; that the plaintiff was carried back up the stairs on which she fell in order to get her to the ambulance; and that he inspected the steps on the way up and saw nothing which would cause the plaintiff to fall.

The only testimony as to what allegedly caused the plaintiff to fall was the plaintiff's own testimony that while she was falling she saw some "greasy stuff" which was covered with dirt or dust. When asked by the trial judge as to how big an area this "greasy stuff" consisted, the plaintiff's answer was, "I couldn't say", and made some gesture with her hands. She also testified that although she wore glasses, she had broken them before the accident and was not wearing them on the day of the accident. At the close of the evidence the defendant filed requests for rulings which in effect called upon the court to rule as a matter of law that the evidence did not warrant a finding for the plaintiff. The court refused to

so rule and found for the plaintiff. Being aggrieved the defendant brings this report.

The court erred in refusing to rule as requested by the defendant. In all the cases involving injuries caused by the presence of grease or sticky substances on the premises of the defendant, the liability of the defendant has been based on circumstances that warranted an inference that the plaintiff actually slipped or fell on the grease or sticky substance, and that the evidence warranted a further inference that the grease or sticky substance had been on the premises and was sufficiently noticeable long enough to justify a finding that the defendant's employees were negligent in not discovering that the dangerous condition existed.

In *Geraci* v. *Tomasello and Sons, Inc.*, 293 Mass. 552, where oil that had accumulated in an area caught fire and injured the plaintiff, there was evidence from a fire chief that it appeared to him that the oil that was burning had been there for some time. In *Hastings* v. *Boston and Maine Railroad*, 332 Mass. 42, where a woman fell on a greasy substance four or five inches in diameter, the court predicated liability on a condition where ''The greasy substance was covered with dust or dirt except where her shoe slipped through it, and there it was lighter. The steps were dirty with rubbish and debris and cigarette packages and paper from candy bars.'' In the *Hastings* case the description of grease permitted not only the inference that the

plaintiff had slipped on it but that the condition had been of sufficient duration to charge the defendant with negligence. See also: *Anjou* v. *Boston Elev. Railway*, 208 Mass. 273.

*Scaccia* v. *Boston Elev. Railway*, 317 Mass. 245, 252.

*Gallagher* v. *Stop & Shop, Inc.*, 332 Mass. 560.

On the other hand there have been many cases where parties have suffered injury by reason of the presence of a foreign substance on the premises of the defendant where recovery has been denied. In *Newell* v. *William Filene's Sons Co.*, 296 Mass. 489, 490, where a patron of the defendant slipped on a banana peel the court denied recovery, and this despite the fact that the peel was discolored. In *Uchman* v. *Polish National Home, Inc.*, 330 Mass. 563, recovery was denied even though the plaintiff, after falling, took from his shoes a "banana's rotten peel", the color of which was black. Particularly impressive is the opinion in *Rosenthal* v. *Central Garage of Lynn, Inc.*, 279 Mass. 574, where recovery was denied under analagous circumstances. See also *Rienzi* v. *Boston Elevated Railway*, 293 Mass. 228.

*Tariff* v. *Kresge Co.*, 299 Mass. 129, 130.

*Smail* v. *Jordan Marsh Co.*, 309 Mass. 386.

*Wyman* v. *McLellan Stores Co.*, 315 Mass. 117.

*Leary* v. *Jordan Marsh Co.*, 322 Mass. 309.

*Caro* v. *F. W. Woolworth Co.*, 342 Mass. 155.

*Deagle* v. *The Great A. & P. Tea Co.,* 343 Mass. 263.

*Fine* v. *F. W. Woolworth Co.,* 343 Mass. 328.

In all these cases where recovery was denied the facts were much more favorable to the plaintiff than in the cause under review. There is no evidence to indicate that the plaintiff slipped on the grease, a fact evidenced in the other cases by skid marks on the foreign substance or by the presence of the foreign substance on the plaintiff's shoe after the accident. Equally impressive in the other cases is the fact that in all of them there was a clear and concise description of the condition on which the plaintiff predicated his claim. In the cause under review the plaintiff relies on what she saw while falling down a stairway. To say she saw "some greasy stuff" covered with dust will hardly suffice to prove negligence. The fact that circumstances prevented her from providing a better description will not excuse the production of proof sufficient to warrant a finding. Whether the defendant was negligent was conjectural. *Caro* v. *F. W. Woolworth Co.,* 342 Mass. 155. The court erred in ruling otherwise.

**Finding for the plaintiff vacated. Finding to be entered for the defendant.**

BURTON E. ATKINS of Boston
   for the Plaintiff
VINCENT M. BANKS and GERALD M. COAKLEY
   both of Boston, for the Defendant