*Northern District*

No. 7068

**JUANITA ALEMAN**

**v.**

**FIRST NATIONAL STORES, INC.**

Argued: May 21, 1969    Decided: July 24, 1969

*Present*: Brooks, P.J., Connolly, Yesley, JJ.

Case tried to *King, J.* in the Municipal Court of the Dorchester District R-3788.

*Brooks, P.J.    This is an action of tort* in which plaintiff claims personal injuries as the result of a fall on the floor of premises owned and controlled by defendant at 1434 Dorchester Avenue, Dorchester, Mass. on March 9, 1965. The declaration consists of Count #1 alleging plaintiff was caused to fall as the result of the negligence of defendant; Count #2 alleging that defendant negligently allowed a foreign substance to be on the floor so as to put the floor

in an unsafe and suitable condition. Defendant's answer was general denial, contributory negligence and assumption of risk.

*There was evidence at the trial tending to show the following*:

Plaintiff, accompanied by her four year old daughter, visited defendant's store and purchased various articles which had been placed in a carrier. While four or five feet in front of the meat counter with no other customers in the aisle and with an employee of defendant near the meat counter, she slipped and fell, her feet going out from under her. She testified that after falling, she saw a piece of cellophane paper used for wrapping meat. The paper looked dirty and had a lot of black marks on it. She testified that this paper was a foot long and a foot wide. Plaintiff's testimony on this point indicated a much smaller piece of paper.

Plaintiff further testified that someone came over to her after she fell and that subsequently the manager of the store came to her while she was still on the floor. She was taken to the Boston City Hospital for treatment, following which she was treated by a Dr. Spelfogel.

Plaintiff was pregnant at the time of the fall and began to bleed, and went back to the Boston City Hospital. She was unable to perform her duties for a period of six weeks.

No question was required as to defendant's ownership and control of the premises, nor of plaintiff's status as a business invitee.

Defendant submitted four requests for rulings, but waived request #2. The three requests were as follows:

1. The evidence does not warrant a finding that the defendant, its agents or servants were negligent.
3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.
4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff.

The court denied the above requests and made the following memorandum of fact:

"I find as a fact that the plaintiff was a customer in defendant's store and while in the exercise of due care was caused to sustain injuries by reason of the negligence of defendant, its agents, servants or employees, to wit: a piece of paper used to wrap meat; said paper being on the floor for a sufficient length of time that defendant knew or should have known of its existence and removed it."

Defendant claimed to be aggrieved by the denial of the three requests for rulings aforesaid.

The report contained all the evidence material of the issues presented.

We must accept plaintiff's estimate of

the size of the paper and the trial court's assumption that it was the cause of plaintiff's fall. It must further be established that defendant know or ought to have known prior to the accident that the paper was at the locus of the accident. This would be the fact if one of defendant's employees had placed it there or seen it there.

The only testimony as to the opportunity for defendant's employee to discover the paper was that there was "an employee of the defendant near the meat counter." There is no evidence, however, as to the length of the meat counter or where the employee was standing with reference to the locus of the accident,— whether, for example, the paper would have been within the range of his vision or as a matter of fact, which way he would be likely to be facing on his job. We do not believe on this evidence that it could fairly be found that the employee would necessarily have noticed the paper.

Since there is no evidence of actual knowledge, it comes down to a question whether an employee should have known of the existence of the paper. This might be established by the condition of the paper itself, from which it could be inferred that it had been present for a long enough time so that it should have been discovered and the situation remedied. *Deagle* v. *Great Atlantic & Pacific Tea Co.*, 343 Mass. 263. It is open to plaintiff to show, if possible, by cir-

cumstantial evidence that the cellophane paper was at the locus long enough to have been discovered by defendant's employees.

In *Hastings* v. *Boston & Maine Railroad*, 332 Mass. 42 where the Supreme Court upheld a jury finding of liability, plaintiff testified that she slipped on a greasy substance on a step in defendant's station, the greasy substance being covered with dirt and with dust so thick that the grease under it could not be seen, and the steps were dirty with rubbish, debris, cigarette packages and candy wrappers.

The only evidence in the present case of a lapse of time is plaintiff's testimony that the paper in question was dirty and that there were ''a lot of black marks''. The characterization of ''dirty'' has many times been declared insufficient to warrant a conclusion as to the time element. *Maguire* v. *William Filene's & Sons Co.*, 342 Mass. 776. *Caro* v. *F.W. Woolworth Co.*, 342 Mass. 155. *Fine* v. *F.W. Woolworth Co.*, 343 Mass. 328. *O'Neil* v. *Boston Elevated Railway*, 248 Mass. 362. *Foley* v. *Hotel Touraine Co.*, 326 Mass. 742, 746. *Uchman* v. *The Polish National Home, Inc.*, 330 Mass. 563. *Devery* v. *Stop & Shop*, 342 Mass. 777. The addition of ''black marks'' adds little, if anything. In the *Uchman* case there was a black banana peel. In the *Devery* case there were many foot prints on a dirty paper bag. In the *Foley* case there was an apple core all black.

The case of *Gallagher* v. *Stop & Shop, Inc.*, 332 Mass. 560 is often cited by plaintiff where circumstantial evidence has to be relied on to establish liability. In that case plaintiff stepped on what appeared to be some "messy, sloppy, dirty ice cream all over the place." Also there was evidence that the ice cream was "dribbling down some four or five feet out into the sidewalk." On the basis of this testimony, the Supreme Judicial Court held that there was sufficient evidence of elapsed time to warrant sending the case to the jury. There was a further element in the above case of likelihood that employees of defendant might have actually seen the dangerous condition, since three cashiers were stationed close to the locus.

It is to be noted that in several of the more recent cases, the court cites the *Gallagher* case but differentiates it from the later cases and that because of the difference, there was error in referring the case to the jury.

As pointed out by this Division in a case quite similar on its facts, *Chevalier* v. *First National Stores, Inc.*, 18 LEGALITE 127 the subject of so-called Fall Down cases was thoroughly and ably discussed in the September number, Volume XLVII of the Massachusetts Law Quarterly.

It is our conclusion that there was not sufficient evidence of lapse of time to warrant the finding that defendant knew or should have

known of the condition here complained of. We therefore hold that the denial of defendant's three requests was prejudicial error.

**Finding for plaintiff vacated. Judgment to be entered for defendant.**

JOHN J. CONNELL
   for plaintiff

FRANCIS KILEY
   for defendant