*Western District*

## ANN HOWARD

v.

## FORBES & WALLACE, INC.

Argued: Nov. 11, 1971 - Decided: Jan. 25, 1972.

*Present:* Garvey, P.J., Dudley, Cimini, JJ.

Case tried to *Walsh, J.* in the District Court of Springfield S. C. No. 127236, D. C. No. 71 T 220.

**Garvey, P.J.** In this tort action the plaintiff seeks to recover damages for injuries she sustained when she fell on a "foreign substance" on a stairway of the defendant's department store in Springfield. The case was transferred to the District Court, for trial, by order of the Superior Court. G.L.c.231, § 108c. There was a finding for the plaintiff. The defendant, claiming to be aggrieved by the rulings of the judge, appealed.

We summarize from the report the evidence most favorable to the plaintiff.

She entered the defendant's store as a business invitee by means of its main entrance, between 1:30 and 2:00 P.M. on August 19, 1968.

She started to descend the stairway located about 15 feet from where she entered to go to the bargain basement. There were 14 steps to a landing and two additional steps from the landing to the basement. There were handrails on each side and a divider handrail in the middle.

As she descended she held onto the handrail on the right and when she reached the fourth step up from the landing her right foot slipped and she fell and was injured. She saw nothing on the stairway until after she fell.

We quote from the report: "After she fell she noticed an area with a substance she described as wet and dirty in color like everyday dirt, but did not know what it was; but it looked like wet, bubbly, slimy, soapy water. She further testified that this substance covered an area on the fourth step of about ten to twelve inches in length by ten inches in width. She also testified that she noticed wet tracks leading from that area down the stairway to the landing below." There was evidence introduced by the defendant indicating the absence of any foreign substances on the stairway.

The judge in his special findings of fact, adopted the plaintiff's version of the cause of the accident, found that the defendant was negligent and the plaintiff free of contributory negligence.

 The rule in "foreign substance" cases is familiar. A storekeeper must use due care to

keep his premises reasonably safe for use by his customer and must warn him of unknown dangers where a dangerous condition arises, unless the customer had, or should have had knowledge of the condition.

The law allows the storekeeper a reasonable opportunity to be informed of any unsafe condition and take measures to remedy it. *Berube* v. *Economy Grocery Stores, Inc., 315 Mass. 89, 91. Young* v. *Food Fair, Inc. 337 Mass. 323, 325. Kanter* v. *Mass. Wholesale Food Terminal, Inc., 340 Mass. 339. Chastain* v. *Hotel Commander, Inc., 336 Mass. 603.* See *article by Spangenberg, "Fall-Down" (Part 2) 47 Mass. L. Q. Article by Prue, Boston Univ. Law Review, Vol. 46, p. 231 (1966).*

In our opinion it was error for the judge to deny the defendant's request for a ruling that there was no evidence "to indicate or warrant a finding that its presence (the foreign substance) was caused by the defendant's negligence, or that it had been there long enough so that the defendant should have seen it, and mopped it up."

Recovery has been permitted where the plaintiff fell on a foreign substance covered by sawdust, *Young* v. *Food Fairs, Inc., 337 Mass. 323 and Rossley* v. *S. S. Kresge Co., 339 Mass. 654,* on the theory that the presence of the sawdust would permit the trier of the facts to draw an inference that it had been placed there by the defendant's agents who were aware of the dan-

gerous condition. Also where there was evidence that the foreign substance was in plain view of the defendant's cashiers. *Gallagher* v. *Stop & Shop, Inc., 332 Mass. 560.*

There was no evidence in the case under consideration to warrant the drawing of an inference that the defendant, its agents or employees, created the condition that caused the defendant to fall or that the condition had existed a sufficient length of time for discovery and correction.

In *Uchman* v. *Polish National Home, Inc., 330 Mass. 563, 565,* the court said: "The question narrows down to whether the evidence would support an inference that (the banana peel) had been there in sufficient period of time to justify a finding of negligence on the defendant's part. In our opinion the evidence would not warrant such an inference . . . In short, how the peel got on the stairs and how long it had remained there are matters of speculation." See also, *Caro* v. *F. W. Woolworth Co., 342 Mass. 155. Maguire* v. *William Filene's Sons Co., 342 Mass. 776. Devery* v. *Stop & Shop, Inc., 342 Mass. 777.*

We hold that the plaintiff's description of the foreign substance, set out above, "was insufficient to warrant a finding that it had been there for any considerable time, or that, whatever the time, it should have been discovered and removed. It did not appear that at or near the time of the accident the employees of the

defendant had reason to be in that portion of the premises where the plaintiff fell." *Kelleher v. Dini's, Inc., 331 Mass. 217, 219. Rufo v. The Great Atlantic & Pacific Tea Company, Inc., 345 Mass. 758.*

**The finding for the plaintiff is to be vacated and judgment for the defendant is ordered.**

SAMUEL MARSELLA
 of Springfield for the defendant.

GEORGE W. LEARY
 of Springfield for the plaintiff.