CATHERINE A. JENNINGS *vs.* FIRST NATIONAL STORES, INC.

Suffolk.  May 21, 1936. — July 1, 1936.

Present: PIERCE, FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Proprietor of store.

That employees of the proprietor of a store dropped fifty or sixty grapes on the floor which, with vegetable leaves and other rubbish, were allowed to remain there for ten minutes was evidence upon which a finding of negligence of the defendant was warranted in an action brought against the proprietor by a customer who slipped upon the grapes and was injured.

TORT. Writ in the Superior Court dated October 15, 1931.

The action was tried before *Sisk,* J. There was a verdict for the plaintiff in the sum of $1,984, which was recorded

with leave reserved.   The defendant excepted to a refusal of the judge to order the entry of a verdict for the defendant, and the action was reported to this court for determination.

*C. A. McCarron,* (*J. F. Dolan* with him,) for the defendant.

*J. H. Devine,* (*J. F. Groden* with him,) for the plaintiff.

LUMMUS, J.   The only question is, whether the judge erred in denying a motion for entry of a verdict in favor of the defendant under leave reserved.   There was evidence of the following facts.   The plaintiff, a customer in the defendant's retail food store, which was thirty-four feet wide and fifty-nine feet deep, was injured a little after eleven o'clock on a Saturday morning by slipping and falling on some large grapes which were on the floor.

Ten or fifteen minutes earlier grapes were being carried into the store in crates or cartons, and individual grapes were dropping from them to the floor.   Some of the grapes were stepped on.   They were in plain sight, fifty or sixty in number.   There were four or five salesmen in the store. It was not as crowded with customers as was usual on a Saturday morning.   Estimates of their number varied from about twenty to forty or fifty.   The floor of the store was littered with vegetable leaves and other rubbish as well as grapes.   Employees "were instructed to sweep the floor at least once an hour, and if there was anything on the floor to sweep it in between times."

This case is not one in which there was no evidence that the thing which caused the fall was not dropped by a stranger just before the occurrence.   *Sisson* v. *Boston Elevated Railway,* 277 Mass. 431.   *Renzi* v. *Boston Elevated Railway,* 293 Mass. 228.   We need not consider whether, if dropped by a stranger, the grapes had been on the floor long enough to warrant a finding that the defendant was negligent in not discovering and removing them.   *Frappier* v. *Lincoln Stores, Inc.* 279 Mass. 14.   *White* v. *Mugar,* 280 Mass. 73.   *Manell* v. *Checker Taxi Co.* 284 Mass. 151. *Knowles* v. *Great Atlantic & Pacific Tea Co.* 287 Mass. 400. *De Prizio* v. *F. W. Woolworth Co.* 291 Mass. 143.   100 Am. L. R. 710.   In the present case there was evidence that the

men bringing the grapes into the store were employees of the defendant. The jury could find that in dropping so many grapes, and in not discovering and removing them, those employees were negligent. *Judson* v. *American Railway Express Co.* 242 Mass. 269. *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526.

*Judgment on the verdict.*