ETHEL VENTOR *us.* MARIANNE, INC.

Bristol.    December 19,' 1972. — April 13, 1973.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Negligence,* One owning or controlling real estate, Laundromat.

Evidence in an action against the proprietor of a laundromat which had an attendant present only around noontime each day that a customer entered the premises early one morning, took "a few steps" inside, and slipped and fell in an area with water in it which appeared to be "dirty and soapy and had white spots floating in it" did not warrant a finding that the wet area had been there so long that the defendant was negligent in not having discovered and remedied it before the accident. [225-227]

TORT.    Writ in the Superior Court dated July 3, 1967.

The action was tried before *Frank E. Smith,* J.

*Edward P. Ryan* for the defendant.

*John D. Sheehan* (*John A. Halloran* with him) for the plaintiff.

ROSE, J.    This is an action of tort in which the plaintiff seeks to recover for injuries sustained when as a result of the alleged negligence of the defendant she slipped and fell while in the defendant's laundromat. The jury returned a verdict for the plaintiff but before it was recorded leave was reserved to enter a verdict for the defendant if, upon the questions of law reserved, it should be decided that a verdict for the defendant should have been entered. The case is now reported to determine whether in its aspect

most favorable to the plaintiff the evidence warrants findings that (1) the defendant knew or in the exercise of reasonable care should have known of a condition of dirty, soapy water on the floor and (2) that the condition existed for sufficient time to enable the defendant to have discovered it and removed it. The determination of the questions will be dispositive of the case.

There was evidence from which the jury could have found the following: the defendant operated a laundromat which was open twenty-four hours a day and equipped with coin-operated machines. An attendant was present only at "about noontime," in "mid-afternoon, or early afternoon." The plaintiff, who had been in the laundromat on several occasions, entered the premises on Sunday morning, November 21, 1965, at approximately 8:15 A.M. carrying a bag of laundry. The weather was clear and dry. She took "a few steps" inside and slipped and fell on the tile floor. She then noticed for the first time that there was water on the floor near the area where she had fallen. The water appeared to have spattered when she fell. The wet area was about two feet by one and a half feet in size. It appeared to be "dirty and soapy and had white spots floating in it."

The standard of care owed to the plaintiff as a business invitee is clear. It was the duty of the inviter "to use reasonable care to keep the premises in a reasonably safe condition for the use of business invitees according to their invitation, or at least to warn them against any danger attendant upon this use which was known or should have been known to . . . [the invitor] and was not known by the business invitees or obvious to any ordinarily intelligent person." *Altman* v. *Barron's, Inc.* 343 Mass. 43, 46. *Kelley* v. *Goldberg,* 288 Mass. 79, 81. *Flynn* v. *Cities Service Refining Co.* 306 Mass. 302, 303. *Oliveri* v. *Massachusetts Bay Transportation Authy.* 363 Mass. 165, 166-167. Prosser, Torts (4th ed.) § 61, p. 393. Restatement 2d: Torts, § 343.

In the instant case there is no evidence that the water was caused by any act of the defendant or by any persons for whose conduct the defendant was responsible. Likewise

there is no evidence that the defendant or any of its employees knew of the presence of the water. "The plaintiff's right to recover therefore depends upon evidence from which the jury could find that the defendant, in the exercise of reasonable care, should have known of and removed this foreign substance." *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560, 562. *Oliveri* v. *Massachusetts Bay Transportation Authy., supra.*

In *White* v. *Mugar,* 280 Mass. 73, 75, it was said, "The defendant owed to customers a duty to keep the premises reasonably safe for their use. He, however, is not an insurer of safety. Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable, in such a case, unless he is negligent in failing to inform himself and to take appropriate action." See also *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 311-312. In the instant case the plaintiff slipped and fell in the water at 8:15 A.M. on a Sunday morning. The evidence shows that an attendant was only present at the laundromat around noontime each day. The premises therefore had been unattended for approximately sixteen to twenty hours. We need not decide the extent of the defendant's duty to provide attendants at the laundromat. Even if a jury could find, as it well might, that the owner breached a duty in leaving the laundromat unattended for so long a time prior to the accident, there is insufficient evidence that any such breach caused the dangerous condition. There was no evidence of how long the soapy water had been on the floor or of the size of the laundromat so that, if attendants had been provided, they would or should have seen the soapy water and remedied the condition.

This case is similar to a long line of cases in which the court has denied recovery because by the nature of a foreign substance on the floor it was impossible to determine if it had been there for a sufficient length of time. See e. g., *Fine* v. *F. W. Woolworth Co.* 343 Mass. 328 (plastic bag); *Deagle* v. *Great Atlantic & Pacific Tea Co.* 343 Mass. 263

(pine oil); *Maguire* v. *William Filene's Sons Co.* 342 Mass. 776 (wet paper bag); *Caro* v. *F. W. Woolworth Co.* 342 Mass. 155 (dark greyish, sticky substance); *Rioux* v. *McLellan Stores Co.* 337 Mass. 768 (candy); *Uchman* v. *Polish National Home, Inc.* 330 Mass. 563 (banana peel); *Foley* v. *Hotel Touraine Co.* 326 Mass. 742 (black, sticky substance with crust).

In *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129, referring to a puddle of water, the court said, at page 130, "That it was very dirty and reddish in color and drying along its edges has no tendency to prove that it had been on the floor long enough so that the defendant should have seen it and mopped it up."

In the instant case the presence of the water and the description of its size, shape and color fail to support an inference that the defendant had had reasonable time in which to discover the condition and remedy it. Absent evidence of the essential time element, the plaintiff cannot recover. *Oliveri* v. *Massachusetts Bay Transportation Authy.* 363 Mass. 165, 170.

Therefore, we answer the two subdivisions of the reported question in the negative. The verdict of the jury is set aside and judgment is to be entered for the defendant.

*So ordered.*