ALAN FOX *vs.* BOSTON RENT CONTROL ADMINISTRATOR & another (and a companion case). January 26, 1977. There was evidence to warrant a finding that "the landlord ... [sought] to recover possession in good faith for use and occupancy of ... [her]self" (St. 1970, c. 863, § 3; compare St. 1970, c. 842, § 9[a][8]), and the judge's implied finding to that effect was not clearly erroneous. The tenant's contentions concerning alleged legal deficiencies in the landlord's proof amount in fact to nothing more than an argument that the judge should have made a contrary finding.

*Judgments affirmed.*

*Peter B. Finn* for Alan Fox.
*Stephen M. Brody,* for Irene Rubin, trustee, submitted a brief.


CATHERINE AYERS *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. January 26, 1977. This was an action of tort for personal injuries sustained by the plaintiff when she fell down the stairs of a subway station. The judge did not err in allowing the defendant's motion for a directed verdict. There was evidence that the fall was caused when the plaintiff's foot got caught on a length of baling wire one end of which was caught between two bricks of a stair. The wire was caked with salt. The theory advanced to the trial judge by the plaintiff's counsel was that an inference that the wire had been there for "such a length of time that the defendant should have known about it" (*Oliveri* v. *Massachusetts Bay Transp. Authy.* 363 Mass. 165, 167 [1973]) could be drawn from the plaintiff's alleged testimony that "there was a lot of salt caked on top of the wire on top of the crack" between the bricks, and that there had been no precipitation or freezing condition which would have caused the defendant to spread salt for two days at least prior to the accident. The plaintiff's testimony fell short of supporting this theory. In her answers that there "was a lot of salt over it" and that salt "was all over it", the word "it" in each instance clearly refers to the wire, not to the crack in which the wire was embedded. There was to be sure, salt on the stairs as well as on the wire; but the evidence did not show that it was more likely than not that the wire was caked with salt after coming to rest in the crack rather than before. The time element was not established. The order allowing the defendant's motion for a directed verdict is affirmed. Judgment is to enter for the defendant.

*So ordered.*

The case was submitted on briefs.
*William A. Bibbo* for the plaintiff.
*Gerald M. Coakley* for the defendant.