BARBARA SAHAGAN vs. COMMONWEALTH. No. 86-1364. February 9, 1988. *Practice, Civil*, Directed verdict. *Negligence*, One owning or controlling real estate. *Metropolitan District Commission*.

At the close of all the evidence, the defendant moved for a directed verdict. See Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974). The test on the motion for directed verdict is whether the evidence, taken in a light most favorable to the plaintiff, without considering its weight or credibility, was adequate to support an inference imposing liability on the defendant. *Poirier* v. *Plymouth*, 374 Mass. 206, 212 (1978). *Forlano* v. *Hughes*, 393 Mass. 502, 504 (1984). *Kanavos* v. *Hancock Bank & Trust Co.*, 14 Mass. App. Ct. 326, 327 (1982). That evidence must be "sufficiently concrete to remove any inference which the jury might draw from the realm of mere speculation and conjecture." *Alholm* v. *Wareham*, 371 Mass. 621, 627 (1976).

Upon that standard, the jury could have found as follows: Around 6:00 P.M., August 14, 1979, the plaintiff, an experienced bicyclist, was riding from her job as a research fellow at the Dana Farber Cancer Institute to an appointment in downtown Boston. Her route took her down Beacon Street, over Longwood Avenue and along Louis Pasteur Avenue until she reached Agassiz Road, which is under the control of the Metropolitan District Commission (MDC). The day was grey and cloudy; the plaintiff, Sahagan, was travelling at approximately five to ten miles per hour.

At Agassiz Road, Sahagan left the roadway and bicycled on the sidewalk, a bike path by designation of State agencies. While riding along the sidewalk, Sahagan struck a metal object protruding two to three inches from the surface of the sidewalk. Her bike skidded for approximately ten to fifteen feet and flipped over. Sahagan was thrown from her bike and, in the process, fractured her collarbone.

After the fall, Sahagan looked about for the cause of her accident. She noticed two metal sign post stumps, grey in color, and triangular in shape, embedded in the sidewalk. The posts were located close to each other and both appeared to be similarly cut and twisted. Neither sign post stump was rusty. Sahagan observed no other object around the sign post stumps. Although Sahagan had travelled on Agassiz Road several times before, she had not noticed the broken sign posts.

Assuming, as we may, that the MDC controls the premises, the burden was nonetheless on the plaintiff to adduce evidence from which the finder of fact might reasonably infer that the MDC either had created the defective condition, was informed of the hazard or should have known about it, and had reasonable time to remove the hazard or warn users of the sidewalk of it. See *Oliveri* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. 165, 169-170 (1973); *Briggs* v. *Taylor*, 397 Mass. 1010, 1010-1011 (1986); *Ventor* v. *Marianne, Inc.*, 1 Mass. App. Ct. 224, 225-227 (1973); *Flaherty* v. *Massachusetts Bay Transp. Authy.*, 5 Mass. App. Ct. 765, 766 (1977); *Ayers* v. *Massachusetts Bay Transp. Authy.*, 5 Mass. App. Ct. 769 (1977). Compare *White* v. *Mugar*, 280 Mass. 73, 75-76 (1932); *Gallagher* v. *Stop*

*& Shop, Inc.*, 332 Mass. 560, 563-564 (1955). Contrast *Doherty* v. *Belmont*, 396 Mass. 271, 275 (1985).

The presence, without more, of the metal stumps, is insufficient to have liability attach to the Commonwealth. *Ventor* v. *Marianne, Inc.*, 1 Mass. App. Ct. at 227. Description of the defective condition gave no clue about the time for which it had persisted. See cases collected in *Oliveri* v. *Massachusetts Bay Transp. Authy.*, 363 Mass. at 168-170.

Because of the failure of proof as to knowledge and reasonable time to cure, the motion for a directed verdict should have been allowed.

The judgment for the plaintiff is reversed, and judgment is to be entered for the defendant.

*So ordered.*

*Mark P. Sutliff*, Assistant Attorney General, for the defendant.
*Daniel J. Kumin* for the plaintiff.