JOSEPH R. WELCH, JR. *vs.* ANGELO'S SUPERMARKET, INC. No. 88-P-382. March 8, 1989. *Negligence,* One owning or controlling real estate, Grocery store.

Assuming, perhaps too favorably to the plaintiff, that the materials submitted in support of and in opposition to the defendant's summary judgment motion furnished a basis for finding that the plaintiff's fall was caused by stepping on the green, wet-appearing item of vegetable matter in the aisle between the supermarket produce counters, we nevertheless conclude that the judge correctly ordered summary judgment to enter for the defendant. Nothing in the record, in our view, would fairly support an inference that the vegetable matter had lain on the floor sufficiently long that the defendant's employees should have seen it and cleaned it up. Contrast *Anjou* v. *Boston Elev. Ry.,* 208 Mass. 273, 274 (1911) (gritty, blackened banana peel); *Connair* v. *J.H. Beattie Co.,* 298 Mass. 550, 551 (1937) (brown wax beans and dirty strawberries); *Berube* v. *Economy Grocery Stores Corp.,* 315 Mass. 89, 92 (1943) (grimy, black squash). The fact that it lay near a stockroom door does not support an inference that "the defendant's employees either created or had actual knowledge of the condition," *Oliveri* v. *Massachusetts Bay Transportation Authy.,* 363 Mass. 165, 170 (1973), where it also lay between two self-service produce counters. The record does not suggest that the shelves were overstocked, so as to induce spillage, contrast *Bloom* v. *Fry's Food Stores, Inc.,* 130 Ariz. 447 (Ariz. Ct. App. 1981), and the case law of this Commonwealth does not sanction an inference of negligence from the mere fact that the grocery store permits customers to serve themselves from bins of loose produce. Contrast *Thomason* v. *Great Atl. & Pac. Tea Co.,* 413 F.2d 51 (4th Cir. 1969), applying Virginia law; *Bloom* v. *Fry's Food Stores, Inc., supra*; *Rhodes* v. *El Rancho Markets,* 4 Ariz. App. 183 (1966); *Wollerman* v. *Grand Union Stores, Inc.,* 47 N.J. 426 (1966); *Forcier* v. *Grand Union Stores, Inc.,* 264 A.2d 796 (Vt. 1970). See also *Ciminski* v. *Finn Corp.,* 13 Wash. App. 815 (1975) (self-service cafeteria); *Smith* v. *Safeway Stores, Inc.,* 636 P.2d 1310 (Colo. App. 1981) (substance resembling hand-lotion).

The plaintiff urges us to draw an inference adverse to the defendant from the fact that an employee cleaned up the vegetable debris and threw it away.

---

This, the plaintiff argues, falls within the familiar rule that permits inferences adverse to a party who knowingly destroys relevant evidence. See *Nation-Wide Check Corp. Inc.* v. *Forest Hills Distribs., Inc.*, 692 F.2d 214, 217-220 (1st Cir. 1982) (destruction of documents). We decline to follow the single out-of-State case cited by the plaintiff that seems to apply such an inference to the clean up and disposal of spilled, slippery substances in a retail store. See *Ritter* v. *Meijer, Inc.*, 128 Mich. App. 783, 786 (1983). Vegetable waste is not like documents; where more does not appear, preservation in anticipation of a possible lawsuit is not reasonably to be expected, nor would it generally be feasible.

*Judgment affirmed.*

*Thomas G. Brophy* for the plaintiff.
*Robert J. Murphy* for the defendant.