Brassard, J.
Plaintiffs, Vincent J. Inzirillo (“Inzirillo”) and Marie E. Inzirillo, brought this tort action against defendant A. H. Bowermaster (“Bowermaster”) seeking damages for personal injuries and loss of consortium arising out of a slip and fall accident in defendant’s restaurant. Bowermaster now moves for summary judgment on the ground that there is not enough evidence to establish the length of time that the foreign' substance allegedly causing the fall was on the floor. For the reasons stated below, defendant’s motion for'summary judgment is ALLOWED.
BACKGROUND
On October 4, 1994 at approximately 11:30 a.m., Inzirillo purchased a meal at a McDonald’s Restaurant owned by Bowermaster and located at 1750 Soldiers Field Road in Brighton, Massachusetts. After finishing his meal, Inzirillo entered the men’s rest room where he proceeded to wash his hands. As he walked toward the hand diyer, he slipped on a foreign substance and fell onto the tile floor. The substance appeared to be a film of yellow liquid soap. There was no record that any of defendant’s employees inspected the men’s rest room from the time that its lights were turned on that morning at 5:30 a.m. through the time of plaintiffs accident.
DISCUSSION
Summary judgment will be granted where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Good v. Massachusetts Commissioner of Correction, 417 Mass. 329, 332 (1994); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party may satisfy his burden by demonstrating that proof of an essential element of the plaintiffs case is unlikely to be forthcoming at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). Once themoving party establishes the absence of a triable issue, the opposing party must allege specific facts establishing the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
A parly against whom summary judgment is sought is not entitled to a trial simply because he has asserted a cause of action as to which breach or causation is a material element. See Dexter’s Hearthside Restaurant, Inc. v. Whitehall Co., 24 Mass.App.Ct. 217, 223 (1987). “There must be some indication that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim.” Id. The mere existence of a scintilla of evidence in support of the nonmoving party’s position will not be sufficient to forestall summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
A business owner owes a patron a reasonable duty of care in maintaining his property in a reasonably safe condition in view of all the circumstances. Mounsey v. Ellard, 363 Mass. 693, 708 (1973). If a dangerous condition arises, the law allows him a reasonable opportunity to become informed of the danger and take measures to remedy it. Ventor v. Marianne, Inc., 1 Mass.App.Ct. 224, 226 (1973). The defendant is not liable unless a foreign substance was present on his premises for such a length of time that he should have known about it. Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167 (1973).
Even if ajuiy could find in this case that Bowermaster breached a duty in not having the bathroom inspected for so long a time prior to the accident, there is insufficient evidence in the summary judgment materials that any such breach caused the dangerous condition. See Ventor v. Marianne, Inc., supra at 226. The presence of the soap film and the description in the record of its size, shape and color fail to support an inference that the defendant’s employees had a reasonable time in which to discover the substance and clean it up. Welch v. Angelo’s Supermarket, 27 Mass.App.Ct. 1106, 1106 (1989). Contrast Berube v. Economy Grocery Stores, 315 Mass. 89, 92 (1943) (grimy, black squash); Anjou v. Boston Elev. Ry., 208 Mass. 273, 274 (1911) (gritty, flattened, black banana peel). Absent any evidence in the record of the essential time element, Inzirillo cannot recover.
ORDER
For the foregoing reasons, it is therefore ORDERED that summary judgment enter for the defendant A. H. Bowermaster.