Crimmins, J.
This is an action in negligence to recover for injuries sustained when the plaintiff fell while inside the defendant’s supermarket. At the trial the judge found for the plaintiff, Ms. Lopes, and awarded damages. The judge denied defendant’s motion to dismiss under Mass. R. Civ. P., Rule 41(b)(2). The defendant, Shaw’s Supermarkets, Inc., appealed to this Division pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C. On appeal the defendant argues that the evidence presented at trial was insufficient to establish its negligence.
We agree and determine there was error.
Our review is limited to whether a finding for the plaintiff can be sustained by any reasonable view of the evidence. Heil v McCann, 360 Mass. 501, 511 (1971).
At trial, the plaintiff testified that she fell while waiting in line to pay for her groceries. (Record Appendix, Exhibit 4 @ Transcript p. 24.) Plaintiff also testified that the store was well lit and busy at the time (contrast the judge’s finding that the store was not busy at the time). (Record Appendix, Exhibit 4 @ Transcript p. 12.) Plaintiff further testified that there were no employees in the area, except the cashier for her line. (Record Appendix, Exhibit 4 @ Transcript p. 24.) The other nearby cash registers were closed and not staffed. The plaintiff testified that the cashier for her line was behind the register and there were other customers in front of her waiting to check out. In addition to the customers in front of the plaintiff, the plaintiff testified that the cash register, the conveyor belt, candy racks and a magazine rack were located between herself and the cashier. (Record Appendix, Exhibit 4 @ Transcript p. 25.)
The plaintiff testified that she saw nothing before the fall and noticed that her jacket was a little bit wet on her right side after the fall. (Record Appendix, Exhibit 4 @ Transcript p. 13.) Plaintiffs daughter testified that after her mother’s fall she noticed a “streak of water” where her mother fell. (Record Appendix, Exhibit 4 @ Transcript p. 46.)
In order to establish negligence in this case, the plaintiff must show that the defendant knew of the substance or that the substance was present long enough that the defendant should have known of its existence, and that the defendant failed to use reasonable care to remove it or warn of its presence. Oliveri v. M.B.T.A., 363 Mass. 165, 167 (1973). It is widely recognized that liability, in many instances, depends upon the “opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in *273 question and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties.” Deagle v. Great Atl. & Pac. Tea Co., 343 Mass. 263, 265 (1961); see also Thurlow v. Shaw’s Supermarket, Inc., 49 Mass. App. Ct. 175 (1990). “Liability will only attach if the plaintiff establishes by a preponderance of the evidence that the foreign substance was there long enough that the defendant’s employees should have seen it and cleaned it up.” Thurlow, supra, citing Welch v. Angelo’s Supermarket, Inc., 27 Mass. App. Ct. 1106, 1106 (1989).
Based on the testimony at trial, there is no evidence to support a conclusion that the cashier located behind the cash register could have noticed water on the floor where the complainant was standing. The plaintiffs daughter testified that there was not a “puddle” of water, but a “streak” of water. Based on this testimony, it can be inferred that the amount of water on the floor was minimal. The plaintiffs testimony established that the cashier was the only employee in the area, that the cashier was working behind her register, that there were numerous objects between the plaintiff and the cashier and that the store was busy at the time of the plaintiffs accident. These facts do not support a conclusion that the cashier was aware of the water on the floor where the plaintiff was standing.
There is no evidence as to where the water came from or how long it had been there before the plaintiffs fall. There is also no evidence of tracks or other indicia that others had trod the area with the water present, and this despite evidence from the plaintiff that the store was busy at the time. As such, there is no basis on which to conclude that the water was present for such a period of time that the defendant should have been aware of its presence.
Having given full credit to all testimony introduced in favor of the plaintiff, we are unable to say that there is any evidence which establishes that the defendant had notice of the wet substance. The plaintiff failed to meet her burden at trial. As such, the defendant cannot be liable for the plaintiffs injuries.
It is ordered that the judgment for the plaintiff be vacated and that judgment enter for the defendant.
So ordered.