Agnes, A.J.
This is a civil action in which the plaintiff Lloyd Locke alleges that he was injured as a result of the negligence of the defendants when he slipped and fell on anti-freeze on July 10, 1997 while working as an outside contractor on premises owned by defendant Herb Chambers of Somerville. The defendants have filed a motion for summary judgment.
FACTS
The material facts are not in dispute. The plaintiff Mr. Locke was working as a glass installer on July 10, 1997. He was assigned by his employer to go to the premises owned by the defendants and to install glass windshields on several vehicles. When he arrived at the premises, Lloyd Locke was directed to park his van in an open spot near the top of the entrance ramp. This was where the plaintiff usually parked and the area where vehicles were parked that were going to be serviced. The lighting in the area was “medium to poor,” but was sufficient to enable the plaintiff to make observations of the condition of the floor after he slipped.
After Mr. Locke parked his van, he moved the first car he was to work on into position. It was a Mercedes sedan and he parked it immediately behind his van. There was an interval of about five to ten minutes from the time when the plaintiff arrived at the defendants’ premises until he moved the Mercedes sedan. He was not told by any of the defendant’s employees where to park the Mercedes. After exiting the Mercedes and as he moved toward the front end to open its hood, he slipped and fell on a foreign substance on the floor of the garage located between the front of the Mercedes and the back of his van.
The plaintiff did not notice any substance on the floor when he initially parked his van nor at any time before he fell. None of the defendants’ employees had actual knowledge of a puddle on the floor before the plaintiff slipped and fell. There is no evidence in the record of anyone else slipping and falling on the defendants’ premises. Also, there is no evidence in the record that any employee of the defendants were in the immediate area where the plaintiff slipped and fell at any relevant time, or that they were in a position to have observed a puddle or spill in that area and to remove it prior to the plaintiffs fall.
The substance on which the plaintiff slipped and fell is assumed by the parties to be anti-freeze. It was a “greenish fluid" that was an irregular shape “a couple of feet in diameter,” an “eighth inch deep,” and “Pretty close to the center” of the front of the Mercedes. There was dust on the surrounding floor and the fluid had dirt mixed in with it. There was evidence that the fluid was “dribbling” from a vehicle with front end damage that was parked to the right of the Mercedes. There was no evidence of how long that other vehicle had been parked near there, who parked it there, or that any employee of the defendants had any knowledge that it was leaking.
DISCUSSION
1. Standards applicable to a motion for summary judgment. “Summary judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.’ ” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983) (citations omitted). The function of a motion under Mass.R.Civ.P. 56, is to “pierce the boilerplate of the pleadings and assay the parties’ proof in an effort to determine whether trial is actually required.” Harris v. Harvard Pilgrim Health Care, Inc., 20 F.Sup.2d 143, 146-47 (D.Mass. 1998), citing McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). Thus, summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). Also, summary judgment may be granted against the moving party, and may be granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976).
The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. In assessing whether each party has met its burden, the court is not permitted to weigh the evidence, to determine the credibility of any witnesses or make any findings of fact. Kelly v. Rossi, 395 Mass. 659, 663 (1985). Moreover, “[t]he evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” *680 Anthony's Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass’n of Gov't Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980). However, “[a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial.” Kourouvacilis, supra at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If the moving party does not bear the burden of proof at trial, it may demonstrate the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the other party's claim, or by showing that the other party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
“Summary judgment is seldom sought or granted in negligence actions.” Manning v. Nobile, 411 Mass. 382, 388 (1991), quoting Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This is because negligence claims so often involve disputed questions of fact. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Mullins v. Pine Manor College, 389 Mass. 47, 65 (1983); Solimene v. B. Gravel & Co., KG, 399 Mass. 790, 794 (1987). However, even in negligence actions, summary judgment is appropriate “if no rational view of the evidence permits a finding of negligence.” Roderick, supra at 949.
2. The plaintiffs’ have failed to offer evidence that establishes or permits afactfinder to infer negligence on the part of the defendants. The present case is within that class of tort actions in which it appears that the plaintiff slipped and fell on a foreign substance on a floor in circumstances in which there is no evidence that the defendants, who were in control of the premises, caused the foreign substance to be deposited on the floor, or had actual knowledge of its existence on the floor prior to the time when the plaintiff slipped and fell. In such a case, the question is whether the evidence is sufficient to permit a jury to infer that the substance had been on the floor long enough so that in the exercise of reasonable care the defendant should have discovered and removed it. See Oliveri v. Massachusetts Bay Transportation Auth., 363 Mass. 165, 166 (1973). The burden is on the plaintiff to offer evidence that permits an inference that the foreign substance was present on the floor “for such a length of time that employees in the exercise of reasonable care, should have been aware of its presence and taken steps to remove it or warn customers." Deagle v. Great Atlantic & Pacific Tea Company, 343 Mass. 263, 266 (1961). “The length of time allowed to a defendant is governed by the circumstances of each case and to a large extent depends on ‘the opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in question, and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties.’ ” Oliveri, supra, 363 Mass. at 167 (quotation omitted).
The plaintiff maintains that it has no obligation ' to prove that the foreign substance was on the floor for any particular length of time because the evidence shows that the defendant created or substantially controlled the creation of the hazardous situation. Plaintiffs’ Memorandum of Law at 9 citing Jennings v. First National Stores, Inc., 295 Mass. 117, 118 (1936). However, in Jennings, unlike in the present case, there was evidence that the foreign substance (grapes) were dropped on the floor by employees of the defendant. There is no evidence in the present case to support an inference that the defendants’ employees had any role in causing the spill of antifreeze from the vehicle parked inside the defendants’ premises. Even if the inference could be drawn that employees of the defendants moved the vehicle with front end damage into the defendants’ premises, there is no evidence to suggest that they were aware or through the exercise of reasonable care should have been aware that it was leaking antifreeze for any length of time prior to when the plaintiff slipped. Without some evidence of “the essential time element,” a plaintiff cannot recover. Ventor v. Marianne, Inc., 1 Mass.App.Ct. 224, 227 (1973). This is not a case in which the negligence of the defendants brought the dangerous condition into existence. See Callahan v. Boston Edison Company, 24 Mass.App.Ct. 950, 952 (1987). The mere fact that the foreign substance has dirt in it does not, standing alone, support an inference that it was present on the floor long enough for the defendants’ employees to have discovered it. Oliveri, supra, 363 Mass. 170; Thornton v. First National Stores, Inc., 340 Mass. 222, 226 (1960); Welch v. Angelos Supermarket, 27 Mass.App.Ct. 1106 (1989).
The plaintiff relies on Thurlow v. Shaw’s Supermarkets, Inc., 49 Mass.App.Ct. 175 (2000), where the Appeals Court upheld a judgment for the plaintiff following a jury waived trial based on findings of fact by the trial judge that the evidence warranted an inference that the water on the floor resulted from slowly dripping overflow of melted ice from a non-refrigerated unit filled with ice, and that such a process would take sufficient time for water to accumulate so that it was reasonable to charge the defendant with constructive notice. Under all of the circumstances, *681 the Appeals Court concluded it could not say that the trial judge’s findings were plainly wrong. The present case, by contrast, does not permit an inference to be drawn about the length of time during which the vehicle with front end damage was on the premises and leaking antifreeze, and thus is distinguishable from Thurlow.
What we are left with in this case is evidence of an accident, and while that is unfortunate, it is not evidence of negligence. See Fitchburg Gas & Elec. Light Co. v. Samuel Evans Construe. Co., 338 Mass. 752, 753-754 (1959); Graci v. Massachusetts Gas & Elec. Light Supply Co., 7 Mass.App.Ct. 221, 223 (1979).
ORDER
For the above reasons, the defendants’ motion for Summary Judgment is ALLOWED.